## COMMONWEALTH *vs.* LUTHER M. KING.

Under the Rev. Sts. *c.* 13, § 40, authorizing the court, " in the absence of the district attorney," to appoint a district attorney *pro tempore,* the court may make such an appointment when the office is vacant.

When the testimony in a criminal case consists of a great number and variety of circumstances, with which the acting district attorney is unfamiliar, the court may appoint another counsel, acquainted with the facts, to assist him.

It is no objection to the appointment of additional counsel for the Commonwealth, on an indictment for burning a building, that he conducted the prosecution before a magistrate, and was clerk of a fire inquest on this building under *St.* 1854, *c.* 424.

The testimony of a witness summoned before a fire inquest held under *St.* 1854, *c.* 424, reduced to writing and signed by him, is admissible against him on a trial for setting the fire, without showing that he was first cautioned that he need not criminate himself.

INDICTMENT for burning a barn in Wilbraham. Trial and conviction in the court of common pleas in Hampden at December term 1856, before *Morris,* J., who signed this bill of exceptions:

" The office of district attorney being vacant, Henry Vose, Esq. was, at the commencement of the term, appointed district attorney *pro tempore.* Mr. Vose requested of the court that William L. Burt, Esq., of Boston, an attorney and counsellor, might be permitted to assist him in the conduct of this trial, inasmuch as the testimony consisted of a great number and variety of circumstances, with which and the localities referred to he was personally unfamiliar, but with which Mr. Burt, as the attorney who represented the Commonwealth before the examining magistrate, was fully conversant.

" The counsel for the defendant objected to this application being granted, on the ground that Mr. Burt had been the attorney for the prosecution before the examining magistrate, and had also acted as clerk in certain proceedings relative to these fires before a fire inquest, organized under *St.* 1854, *c.* 424.

" It appearing to the court that the case was one proper for such assistance as was requested by the district attorney *pro tempore,* and it not appearing that Mr. Burt had any private interest in the matter, the court ordered that Mr. Burt be appointed to assist the district attorney, at the same time notifying the latter that the trial must be under his responsible charge.

" The counsel for the Commonwealth offered in evidence, among other things, the testimony of the defendant taken in writing on oath before said fire inquest. It appeared that this inquest was held prior to the institution of any proceedings against the defendant; that he was duly summoned and testified with other witnesses before said inquest on oath ; and that said testimony was reduced to writing and signed by the defendant. It did not appear that the defendant was cautioned that he need not criminate himself.

" To the admission of this testimony the counsel for the defendant objected, on these grounds : 1st. That it was unconstitutional. 2d. That no notice was given to the defendant that he need not criminate himself. 3d. That there was evidence to show that the testimony of the defendant was not correctly taken down as given by him. The court offered to allow the defendant's counsel to show, by other evidence, any facts alleged by him in support of these objections, that did not appear of record ; but the counsel declined to procure any such evidence. The court thereupon admitted the testimony."

*E. W. Bond*, for the defendant. 1. The power of the court to appoint a district attorney *pro tempore* is limited to the case of " the absence of the district attorney." Rev. Sts. *c.* 13, § 40. The filling of vacancies belongs to the governor and council. § 36. *St.* 1856, *c.* 173, § 8.

2. The district attorney's want of familiarity with the circumstances of the case, as compared with the counsel who appeared for the Commonwealth before the magistrate, exists in a majority of criminal cases ; and does not show the " stringent reason " required to justify the appointment of additional counsel. *Commonwealth* v. *Williams*, 2 Cush. 585. The reason being stated in the bill of exceptions, and being insufficient, no other sufficient reason for the appointment can be presumed.

3. Mr. Burt was not a suitable person to be appointed; because he did not reside within the district; and because he had been attorney for the prosecution before the magistrate, and clerk of the fire inquest. Rev. Sts. *c.* 13, § 36. *Commonwealth* v. *Gibbs*, 4 Gray, 146.

4. The testimony of the defendant, taken before the fire inquest, (at which he was compelled to attend and testify,) without his being previously cautioned not to criminate himself, was inadmissible. Declaration of Rights, art. 12. U. S. Constitution, Amendment 5.

*D. W. Alvord,* for the Commonwealth.

THOMAS, J. 1. The appointment of Mr. Vose as district attorney *pro tempore* was in conformity with the well settled practical construction of the statute.

2. If " stringent reasons " were requisite to justify the appointment of Mr. Burt to assist the district attorney, they are found in the facts developed by the bill of exceptions.

3. The reasons given in the argument for Mr. Burt's not being a suitable person, seem to us to indicate his peculiar fitness. They show a knowledge of the case, but no interest in the result.

4. We see no ground for excepting the statements made by the defendant before the fire inquest from the ordinary rule which allows the admissions or confessions of the defendant to be given in evidence against him. It appeared that he was duly summoned and sworn; and that his testimony was reduced to writing and signed by him. There was nothing to show that the testimony was not accurately stated.

The only objection relied upon in the argument is, that the witness was not cautioned that he need not criminate himself. This objection is not sustained as matter of fact. Whether or not the magistrate gave such caution to the witnesses would constitute no part of his record. *St.* 1854, *c.* 424. If it was his duty to give such caution, we may not presume that he omitted to give it. The statements of the defendant, in writing and signed by him, were clearly competent evidence against him, unless it was made to appear that something was done, or omitted to be done, which would take them out of the general rule. Full opportunity was given to the defendant to do this, but he declined to use it.

This ground disposes of the case. But we do not wish to be understood as expressing an opinion that such caution to the

defendant was necessary, or that a failure to give it would render his statements incompetent evidence against him.

*Exceptions overruled.*